### LIN McAFEE v. THE STATE.

No. 3061.     Decided November 23, 1904.

**Aggravated Assault—Fact Case—Insufficient Evidence.**

See opinion containing facts which do not prove an intent to injure and are insufficient to sustain a conviction for aggravated assault.

Appeal from the County Court of Hopkins.     Tried below before Hon. R. B. Keasler.

Appeal from a conviction of aggravated assault; penalty, a fine of $50. The opinion states the case.

*Templeton, Crosby & Dinsmore,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for aggravated assault, and a fine of $50 assessed. Many interesting questions are suggested for revision, but as we understand the record, it is not necessary to go into a discussion of them because the evidence does not support the conviction. The assault is charged with having been made upon Mrs. Laura Franks. She and her husband, Sam, lived near appellant; and Mrs. Franks had known appellant since they were children. A marriage occurred between the daughter of Mrs. Franks and a young man named Crane, at appellant's house on Sunday evening. This marriage was in direct opposition to the wishes of Mr. and Mrs. Franks. Shortly after the marriage, Mrs. Franks was advised of it and went to appellant's house for the purpose of carrying her daughter home. When she reached appellant's house, she walked up to and placed her arms around the daughter and requested her to go home with her. This the daughter declined, and Mrs. Franks undertook to force her out of the house. When this occurred, appellant took hold of one of the arms of Mrs. Franks, and Bryant took hold of her other arm, and separated her from her daughter. Appellant remarked, "You can't take her out of here." Mrs. Franks insisted she would take her home; and one or two of the witnesses testified she said, before reaching the house, "she would take her home or kill her." Mrs. Franks stated that when appellant took hold of her, Bryant jerked her other arm from behind her daughter and skinned her hand in some way. It is further shown that Crane walked up to and expostulated with his mother-in-law about her conduct; that is, requested her to go away and let his wife alone. Mrs. Frank struck him a lick or two, one of which took effect on his nose, causing it to bleed. We do not believe the facts justify the conviction. It was in appellant's house where these matters occurred, and Mrs. Franks seems to have been the aggressive party from the beginning. The court submitted the case upon the theory that the girl, being 16 years of age, and having married without her consent, or the consent of her husband, that the marriage was void; and this being true, Mrs. Franks had the right to go to the residence of appellant and force her daughter away, and that any resistance on the part of appellant or any of the bystanders in preventing this would be an aggravated assault. We deem it unnecessary to go into a discussion of that phase of the case. The marriage had been consummated, and appellant made no assault upon Mrs. Franks, unless by the bare fact of taking her arm from around the waist of her daughter, when she was undertaking to forcibly carry her from his residence. To say the least of it, on this phase of the case it was tried upon a false theory.

We do not believe there was any such assault as was contemplated by law. There was evidently no intention to injure Mrs. Franks, but simply to keep her from forcibly carrying the girl from the residence of appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*